JOHN TERRY & wife *vs.* CHARLES BRIGGS.

If a defendant die pending a motion on his behalf for a new trial, and the plaintiff neglect, upon such motion being subsequently overruled, to have judgment entered as of the term when the verdict was rendered, in pursuance of *St.* 1842, *c.* 89, § 2, he cannot have the action brought forward and judgment rendered against the administrator, after four years have elapsed from his appointment.

SHAW, C. J. The petitioners state that, in a real action against Elihu Briggs, they obtained a verdict in November, 1845, for the seisin of an undivided part of the estate described; that a motion was made for a new trial, which was not decided till 1849; that in the meantime, to wit, in October, 1846, Elihu Briggs died, and Charles Briggs, as executor, came in to maintain the motion for a new trial, and attended when the costs were taxed for the plaintiff; but those costs have never been paid. More than four years elapsed, from the time the respondent took out his letters testamentary, before the filing of this petition. The petitioners pray that the action may now be brought forward, in order to have a judgment for their costs. To this petition, the executor appeared, and put in a general demurrer. This petition cannot be

granted. In order to save their right to have costs from the general assets of the testator, the petitioners should have availed themselves of the provisions of *St.* 1842, *c.* 89, and had their judgment entered *nunc pro tunc,* so as to have given it the force and effect of a judgment against the estate of the testator, during his lifetime.

But if the court had any discretionary power to bring the action forward as prayed for, we are of opinion that it now comes after the statute bar has closed upon all personal claims against the estate of the testator.          *Petition dismissed.*

*T. G. Coffin,* for the petitioners.

*T. D. Eliot,* for the respondent.